# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4988 | **DATE** | 12/12/2001 |
| **CASE TITLE** | Donaldson vs. Governors State Univ et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, defendant GSU's motion for summary judgment [31-1] is granted with regard to Donaldson's claim that the assignment of a summer class and his subsequent loss of vacation and personal development time was the result of race discrimination and/or retaliation. Status hearing set 1/8/02 at 9:00 a.m. in courtroom 2214. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 13 2001 date docketed | |
| | Docketing to mail notices. | | | 53 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 12/12/2001 | |
| KF | courtroom deputy's initials | 01 DEC 12 PM 2: 19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

DOCKETED
DEC 13 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT B. DONALDSON, II, Ph.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOVERNORS STATE UNIVERSITY, ) <br> and BOARD OF TRUSTEES OF ) <br> GOVERNORS STATE UNIVERSITY, ) <br> ) <br> Defendants. ) | Case No. 98 C 4988 <br><br> Hon. Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Employment discrimination defendant Governor's State University ("GSU" or the "University") filed a motion for summary judgment against plaintiff Robert Donaldson which Magistrate Judge Rosemond granted in part and denied in part. The parties agree that Judge Rosemond's opinion did not decide several of the allegations in the complaint, specifically those set forth in Donaldson's September 24, 1996 Equal Employment Opportunity ("EEOC") charge. We have reviewed the portions of the parties' original briefs which address those allegations of the complaint and for the following reasons, grant GSU's motion for summary judgment on the remaining issues.

We do not need to set forth the facts in great detail since most of the issues have already been decided. Donaldson is a tenured professor at GSU in the Business and Administration department. In 1992 he filed a lawsuit against the University alleging race discrimination which resulted in the parties entering into a settlement agreement prior to trial. In 1996, Donaldson filed two charges of discrimination with the

EEOC. The first, filed in August, 1996, alleged retaliation for filing his 1992 lawsuit. The second charge alleged both race discrimination as well as retaliation for filing his first EEOC charge; the facts contained in this second charge later were included in Count II of Donaldson's complaint, in which he alleged race discrimination by GSU. The specific acts that Donaldson alleges support his claim of race discrimination include, *inter alia*, GSU's refusal to assign plaintiff graduate courses to teach, its refusal to award plaintiff a "Professional Advancement Increase" ("PAI"), and the assignment of a summer class which served to deny him of vacation and professional development time.

Judge Rosemond denied GSU's motion for summary judgment with respect to Count II, finding that Donaldson had made a prima facie case of discrimination with regard to the failure to assign him graduate courses and the failure to grant him a PAI. However, Judge Rosemond did not address whether GSU was entitled to summary judgment on Donaldson's claim that the assignment of a summer teaching position, and his alleged subsequent loss of vacation and personal development time, was discriminatory.

As an initial matter, we must determine if there are any disputed material facts which would preclude summary judgment. Fed.R.Civ.P. 56. There is no dispute that GSU assigned Donaldson to teach a summer class which caused Donaldson to be assigned classes for more than the ten-month-per-year limit set by his contract. The parties also agree that if Donaldson had not taught the summer class, he would not have had the required number of teaching units for the year. Donaldson argues that he felt coerced into accepting the class because he believed that if he did not, he would be

written up for insubordination. However, he does not dispute that he never objected to the assignment of the class until after it was over.

Further, there is no dispute that Donaldson's summer class – which was taught via correspondence – did not finish until the second week of August, which cut into Donaldson's scheduled vacation time. Dr. Mary Howes the division chair, testified that correspondence courses were flexible enough that most professors were able to find colleagues to cover for them during vacation, but that ultimately, the class was the assigned professor's responsibility. We do not have any evidence about whether Donaldson ever sought a substitute to cover his class while he was on vacation (he apparently did not use one, but instead, finished teaching the class himself).[1]

Finally, the parties agree that, although many professors choose to take their professional development time during the second month out of twelve that they are not teaching, there is no formal requirement or practice that they do so. Donaldson does not dispute GSU's argument that he completed the majority of his professional development project during the school year in spite of the fact that he had requested personal development time for July.

After reviewing all the facts, and making all inferences in favor of the non-movant, see *Vitug v. Multistate Tax Commission*, 88 F.3d 506, 511 (7th Cir. 1995), we find that there is no material dispute. We accept the facts as set forth above, and find that although Donaldson did not complain about the summer teaching position, neither

---

[1] The parties participated in an arbitration regarding Donaldson's loss of vacation time because such loss violated his teaching contract. The arbitrator found that Donaldson had had to forfeit the first two weeks of his vacation to complete teaching his class, and thus, that GSU had to compensate him for working the first two weeks of August.

3

did he voluntarily accept it. We also find that the assignment of the class resulted in a partial loss of Donaldson's vacation time and denied him the opportunity to use July solely for his personal development project, free from any teaching responsibilities. Thus, we must now determine whether the assignment of the class and resultant loss of Donaldson's personal development and vacation time, is attributable to race discrimination.

**Legal Analysis**

Because Donaldson has no direct evidence of discrimination, we must decide this case using the indirect, burden-shifting framework first set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under the *McDonnell Douglas* approach, Donaldson must first make a prima facie case of discrimination by showing that, 1) he is a member of a protected class; 2) he was performing his duties satisfactorily; 3) he suffered an adverse employment action; and 4) GSU treated similarly situated employees outside of Donaldson's protected class more favorably. *See Foster v. Arthur Andersen,* 168 F.3d 1029, 1035 (7th Cir. 1998). If Donaldson succeeds in making a prima facie case, GSU must come forth with a legitimate, non-discriminatory reason for its actions. *Adreani v. First Colonial Bankshares Corp.,* 154 F.3d 389, 394 (7th Cir. 1998) (*citing Testerman v. EDS Technical Prods. Corp.,* 98 F.3d 297, 302 (7th Cir. 1996) Once it does so, the burden shifts back to Donaldson to set forth evidence that GSU's reason for its action is pretext, that is, that it is dishonest, or a lie. *See Wolf v. Buss Am., Inc.,* 77 F.3d 914, 919-20 (7th

GSU argues that Donaldson cannot make a prima facie case of discrimination

4

because he does not meet factors three and four. Donaldson does not address GSU's argument that the assignment of the summer class was not an adverse employment action. Generally, an adverse employment action requires the loss of some actual or potential benefit such as through a demotion, termination, or loss of wages, benefits or material responsibilities. *See Crady v. Liberty National Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993). It is questionable whether GSU's assignment of the summer class meets this definition. However, making all inferences in favor of Donaldson, we find that he just barely is able to show that the loss of vacation and personal development time was an adverse employment action.[2]

GSU also argues that Donaldson fails to show that similarly situated individuals outside his protected class (in this case, African-American) were treated better than he was. GSU points to two other tenured professors, one Caucasian and one Indian, who were assigned summer classes which cut into their vacation time. Donaldson argues that we do not have enough information to determine whether these two professors were really similarly situated to him, i.e., whether they needed to teach in order to meet the required number of units or whether they volunteered to teach during the summer. GSU correctly points out that it is the plaintiff's burden, not its own, to prove that similarly situated non-African-American professors were treated better than he was. Donaldson's mere speculation about professors Vorwerk and Makik does not rise to the level of evidence needed to support his prima facie case. For this reason alone, we

---

[2] We note that pursuant to arbitration, Donaldson was eventually compensated for his lost vacation time, which weakens his prima facie case. However, as we explain below, even though we find that Donaldson succeeds – albeit barely – in meeting this factor of the prima facie case, he cannot survive GSU's motion for summary judgment.

5

may grant GSU's motion.

However, even if Donaldson were able to make a prima facie case, his opposition to the motion for summary judgment would fail because he cannot prove that the University's given reason for assigning him the class – that without it he would not have the required number of teaching credits – is pretextual. Pretext means a lie, that is, that the defendant's articulated non-discriminatory reason for assigning the summer class is not the real reason it did so. *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001). In this case, Donaldson actually agrees with GSU's reason – that they had to assign the summer class when one of his Spring Semester classes was cancelled for low enrollment and he fell below the number of teaching units required by his contract. While GSU's assignment of a summer class to make up the lost units might have had the unwanted consequence of interfering with part of Donaldson's vacation or personal development time, he does not point to any evidence at all that casts doubts on the University's reasoning for making the assignment in the first place. Indeed, the parties eventually went to arbitration regarding Donaldson's lost vacation time, and the arbitrator determined that neither party had a choice in making the assignment – it was compelled by Donaldson's contractual need to teach a certain number of hours per year. In his response brief, Donaldson does not even attempt to argue that the University's reason was a lie, and thus, he does not uphold the third part of the *McDonnell Douglas* burden-shifting test.

For the above reasons, we grant GSU's motion for summary judgment with regard to Donaldson's claim that the assignment of a summer class and his subsequent

6

loss of vacation and personal development time was the result of race discrimination.[3]

It is so ordered.

Michael T. Mason
United States Magistrate Judge

Date: December 12, 2001

---

[3] To the extent that Donaldson's retaliation claim also covered the assignment of the summer class/loss of vacation issue, we grant GSU's motion for summary judgment for the same reasons we found they were entitled to summary judgment on Donaldson's race discrimination claim. That is, there is no evidence of a causal connection between any of Donaldson's earlier EEOC charges and the assignment of the summer class.